HON. RICHARD A. JONES

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR07-432-RAJ |
| Plaintiff, | RESPONSE TO GOVERNMENT MOTION IN LIMINE |
| v. | |
| SHARON BRANDT, | |
| Defendant. | |

DEFENDANT SHARON BRANDT files this response to the Government's Motion In Limine To Preclude Evidence Of Defendants And Patients Alleged Belief In The Efficacy Of Misbranded And Adulterated Devices as follows:

The Adjudicative Service Unit of the Washington State Department of Health found that DONALD BRANDT practiced medicine without a license and issued a cease and desist order prohibiting him from the unauthorized practice of medicine on July 21, 2005. The gravamen of the government's case against the Brandts' is the contention that the Brandts' caused the interstate shipment of misbranded and adulterated medical devices found at their "clinic" and defrauded and deceived both the FDA and the manufacturers of the misbranded and adulterated medical devices. Whether this is true or not, the FDA and

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

the manufacturers of the misbranded and adulterated medical devices are the offenses victims; not the disease stricken patient witnesses and their families.

The hopes, expectations and the fulfilled or dashed dreams of patient witnesses and their families, like the purported efficacy of treatment, is not at issue. The court has read the heart wrenching letter of TERI SHOAL-REEVS. If the statutory victims are not the patient witnesses, and the Brandts' are not being prosecuted for the unauthorized practice of medicine, what other than emotional impact is the justification for either party calling any patient witness to testify? More than anything the defense might say, Ms. Shoal-Reevs' letter paints a vivid portrait of the emotional and physical harm that would/will be inflicted on patient witnesses having to travel to Seattle to attend court and then undergo the rigors of testifying and cross examination. The defense contends, and the government seems to concede, that such patient witness testimony is only marginally relevant (the witnesses are unaffiliated with the FDA and/or the manufacturers of the medical devices which are the subject of this prosecution and such testimony is duplicative and cumulative of undercover police testimony) and all would agree, such patient witnesses suffer from medical problems and life histories that are emotional; the defense would contend unduly and prejudicially so.

DEFENDANT SHARON BRANDT contends that the Court should enter an in limine ruling excluding <u>all</u> patient witness testimony. DEFENDANT SHARON BRANDT would consent to such a ruling. The defense contends that such a ruling is supported by Rule 403 and it would certainly be a godsend to each such patient witness. The defense however strenuously objects to the government's proposed in limine limitation alone because such a restriction unduly interferes with DEFENDANT SHARON BRANDT'S

ROBERT M. LEEN
WSBA#14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821

Sixth Amendment confrontation right as well as her Sixth Amendment right to present a defense.

Respectfully submitted,

*Robert Leen*

Robert M. Leen
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify I electronically filed the foregoing using the CM/ECF system and I served via facsimile this document any non CM/ECF participants this ___14___ day of May 2008.

*Robert Leen*
Robert M. Leen

ROBERT M. LEEN
WSBA #14208
ATTORNEY AT LAW
ONE UNION SQUARE
600 UNIVERSITY STREET, SUITE 3310
SEATTLE, WASHINGTON 98101-4172
(206) 748-7817 · FAX (206) 748-7821