The Honorable Richard A. Jones

07-CR-00432-BCST

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> SHARON BRANDT, <br> Defendant. | NO. CR 07-432 RAJ <br><br> PLEA AGREEMENT |

The United States of America, by and through Jeffrey C. Sullivan, United States Attorney for the Western District of Washington, and Susan Loitz and James M. Lord, Assistant United States Attorneys for said District, Defendant, SHARON BRANDT, and Defendant's attorney, Robert Leen, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1. <u>Waiver of Indictment</u>. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. <u>The Charges</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following misdemeanor charges contained in the Information: Causing the Introduction into Interstate Commerce of an Adulterated Medical Device, as charged in Count 1, in

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 1

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

violation of Title 21, United States Code, Section 331(a) and Title 18, United States Code, Section 2.

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering Defendant's plea of guilty, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. <u>Elements of the Offenses</u>.

The elements of the offense of Causing the Introduction of an Adulterated Medical Device into Interstate Commerce, as charged in Count 1, in violation of Title 21, United States Code, Section 331(a), and Title 18, United States Code, Section 2, are as follows:

First, the defendant caused a "medical device" as that term is defined in Title 21, United States Code, Section 321(h) to be introduced into interstate commerce, or aided and abetted the introduction of a medical device into interstate commerce; and

Second, the medical device when so introduced into interstate commerce was "adulterated" as that term is defined in Title 21, United States Code, Section 351.

4. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense charged in the Information, i.e., Causing the Introduction Into Interstate Commerce of an Adulterated Medical Device as charged in Count 1, are as follows: imprisonment for up to one (1) year, a fine of up to One Hundred Thousand dollars ($100,000.00), a period of supervision following release from prison of up to one (1) year, and a Twenty-five dollar ($25.00) special assessment. If Defendant receives a sentence of probation, the probationary period could be up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 2

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. <u>Rights Waived by Pleading Guilty.</u> Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of Defendant's peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

    g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

    h. The right to appeal a finding of guilt or any pretrial rulings.

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

6. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. <u>Sentencing Guideline Provisions</u>.

    **Base Offense Level:** The Defendant and the United States agree that the applicable Base Offense level under the Sentencing Guidelines is 6.

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 4

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

**Other Guideline Issues:** The parties reserve the right to argue for or against the applicability of other Sentencing Guideline provisions, including, for example, USSG § 3A1.1(b)(1) and (2) with respect to vulnerable victims.

The United States will not ask for an evidentiary hearing in conjunction with sentencing, unless either Donald Brandt or Sharon Brandt dispute any of the facts set forth in the Presentence Report. In the event of such dispute, the parties agree that the United States may call an agent from the FDA to present factual testimony and pertinent exhibits.

The United States agrees that it will not ask for an order of restitution.

8. <u>Fine</u>. The Defendant shall cooperate with the Probation Office and the United States Attorney's Office in providing financial disclosure so that the court will have the necessary information to determine the Defendant's ability to pay a fine.

9. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

10. <u>Forfeiture of Medical Devices</u>. Defendant shall forfeit to the Food and Drug Administration the following devices:

    a. Three BK Precision 21.5 MHZ Multi-Function Arbitrary Wave Form Generators, Model 4070, serial numbers 36701010007, 36701010004, 36709000018;

    b. Two BK Precision Multi-Function Arbitrary Wave Form Generators, Model 3011B, serial numbers 147-15108 and 147-15107;

    c. One Electro-Acuscope, Model 70, serial number AP85P04305; and

    d. One Vibe Machine, Model JD, serial number 23.

11. <u>Statement of Facts</u>. The parties agree on the following facts. Defendant admits he is guilty of the charged offenses.

At all times relevant to the charges in the Information and to this Plea Agreement the following was true and correct:

    A. SHARON BRANDT and her husband Donald Brandt operated a clinic on Blodgett Road in Mt. Vernon, Washington, within the Western District of Washington. The purpose of the business was to provide treatments and to sell supplements. Neither SHARON BRANDT nor Donald Brandt were licensed by Washington State as medical practitioners.

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

B. The Food and Drug Administration (hereafter "FDA") regulates, among other things, medical devices. Title 21, United Stated Code, Section 321(h) defines a medical device, in pertinent part, as an instrument, apparatus, implement, machine, contrivance, implant, in vitro reagent, or other similar or related article, including any component, part, or accessory, which is intended for use in the diagnosis of disease or other conditions, or in the cure, treatment, or prevention of a disease, in man or in animals, or intended to affect the structure or any function of the body of man or other animals.

C. The introduction into interstate commerce and the receipt through interstate commerce of a device that is adulterated is prohibited.

D. The device known as the Vibe Machine was adulterated as that term is defined in Title 21, United States Code, Section 351(f)(1) in that it was a Class III device lacking the required pre-market approval.

E. On or about December 29, 2004, SHARON BRANDT and Donald Brandt ordered a Vibe Machine from a business called The Vibe Machine Company in Greeley, Colorado.

F. On or about January 3, 2005, Donald Brandt caused a Vibe Machine to be sent from Greeley, Colorado via UPS to BRANDTS' address on Blodgett Road in Mt. Vernon, WA.

G. On or about January 4, 2005, the BRANDTS received into their "clinic" on Blodgett Road in Mt. Vernon, Washington, a Vibe Machine.

13. Interdependence of Plea Agreements

The parties agree that this Plea Agreement shall be conditioned upon the Court's acceptance of the Plea Agreement in the matter of her husband, co-defendant, Donald Brandt. Defendant understands, therefore, that this Agreement is part of a package plea agreement with the United States, to wit: if either Defendant or Donald Brandt does not enter into, and plead guilty pursuant to the respective Plea Agreement, or if either Defendant or Donald Brandt subsequently seeks to withdraw from the guilty plea, then the United States will withdraw from both Plea Agreements and will seek and pursue the charges in the Superseding Indictment, CR 07-432 RAJ.

14. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss the Superseding Indictment, CR 07-432 RAJ, issued on returned on January 16, 2008, and agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

15. <u>Acceptance of Responsibility.</u> The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), Defendant's total offense level should be decreased by two (2) levels pursuant to USSG §§ 3E1.1(a).

16. <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the reinstitution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of Defendant's conditions of release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

17. <u>Waiver of Appeal</u> As part of this Plea Agreement and on the condition that the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b.    any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. 2241, to address the conditions of her confinement or the decisions of the Bureau of Prisons regarding the execution of her sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were not charged pursuant to this Plea Agreement.

18. <u>Voluntariness of Plea</u>. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter these pleas of guilty.

19. <u>Statute of Limitations</u>. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20. <u>Completeness of Agreement</u>. The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 23 day of May, 2008.

_____
SHARON BRANDT   atDC
Defendant

_____
ROBERT LEEN
Attorney for Defendant

_____
SUSAN LOITZ
Assistant United States Attorney

_____
JAMES M. LORD
Assistant United States Attorney

PLEA AGREEMENT/
(SHARON BRANDT, Case No. CR07-432 RAJ) - 9

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970